**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED
SEP 29 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| HYDE & HYDE, INC. and TIMOTHY HYDE,  )  )  )  Plaintiffs,  )  )  v.  )  )  MOUNT FRANKLIN FOODS, LLC, SUNRISE CANDY, LLC and ELAMEX USA, CORP.  )  )  )  )  )  Defendants/Third-Party Plaintiffs,  )  )  v.  )  )  BRIDGE HEALTHCARE FINANCE, LLC, BRIDGE OPPORTUNITY FINANCE, LLC, and BERNARD GLOBAL LOAN INVESTORS, LTD.,  )  )  )  )  )  Third-Party Defendants.  )  | Civil Action No. EP-11-CV-0008-FM |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs Hyde and Hyde, Inc. ("Hyde & Hyde") and Timothy Hyde ("T. Hyde") and file this Second Amended Complaint complaining of and about Defendants Mount Franklin Foods, LLC ("Mt. Franklin"), Sunrise Candy, LLC ("Sunrise") and Elamex USA, Corp. ("Elamex"), and would respectfully show the Court as follows:

**PARTIES AND SERVICE**

1.      Plaintiff Hyde & Hyde is a California corporation with its principal place of business at 300 El Sobrante Road, Corona, California 92506.

2.      Plaintiff T. Hyde is a citizen of California.

3.      Defendant Mt. Franklin is a Texas limited liability company registered to do business in Texas. Its principal place of business is at 1800 Northwestern Drive, El Paso, Texas 79912. Mt. Franklin may be served by serving its registered agent, Capital Corporate Services, Inc., at 800 Brazos, Suite 400, Austin, Texas 78701.

4.      Defendant Sunrise is a Nevada limited liability company registered to do business in Texas. Its principal place of business is at 1800 Northwestern Drive, El Paso, Texas 79912. Sunrise may be served by serving its registered agent, Hector Delgado, at 1112 Montana Ave., El Paso, Texas 79902.

5.      Defendant Elamex is a corporation organized under the laws of Delaware which is engaged in business in Texas within the meaning of TEX. CIV. PRAC. & REM. CODE § 17.042, but does not maintain a regular place of business in Texas, nor does it have a designated agent for service of process. Therefore, TEX. CIV. PRAC. & REM. CODE § 17.044 authorizes the Secretary of State as the agent for the service of process upon Elamex. Service can be obtained by serving the Office of the Secretary of State, Statutory Documents Section – Citations Unit, at P.O. Box 12079, Austin, Texas 78711-2079 and forwarded to Elamex's home or home office, Capital Services, Inc., 615 South Dupont Highway, Dover, Delaware 19901, pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a), federal diversity jurisdiction, because the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

7.  Pursuant to 28 U.S.C. § 1391(a), venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District; and/or one or more Defendants is subject to personal jurisdiction in this District.

**FACTS**

8.  In August of 2002, General Electric Capital Corporation ("GE Capital") and Hyde & Hyde entered in a Master Lease Agreement ("Lease Agreement") whereby GE Capital agreed to lease to Hyde & Hyde certain food packaging equipment ("Equipment").

9.  Simultaneously with execution of the Lease Agreement, T. Hyde executed a personal guaranty in which he guaranteed to GE Capital the full and prompt payment and performance when due of each and every debt, liability and obligation.

10.  In June of 2005, Hyde & Hyde executed a Transfer and Assumption Agreement ("Transfer Agreement") which transferred its interest in the Lease Agreement to Sweet Ventures, LLC.  Under the terms of the Transfer and Assumption Agreement, GE Capital agreed to the transfer of the Equipment from Hyde & Hyde to Sweet Ventures and Sweet Ventures agreed that the Equipment would be covered under the terms of the Lease Agreement and its schedule.

11.  In May of 2007, certain assets and liabilities of Sweet Ventures and a company called Blueberry Sales, LLP were contributed to form a new entity called Simply Goodies, LLP. Bridge Finance Group ("Bridge") provided financing to Simply Goodies and took a security interest on certain Simply Goodies assets.

12.  Simply Goodies was unsuccessful and defaulted on its agreement with Bridge.  In early December of 2008, Bridge foreclosed and the Equipment came under Sunrise's control.

13.  Sunrise then caused Dulces Blueberry, S.A. de C.V. to export the Equipment from a plant at 1800 Magneto in Ciudad Juarez, Mexico, to Texas using the tax identification number of Blueberry Sales.  Defendants had no authority to operate under Blueberry Sales' name.

3

14.     Shortly thereafter, Mt. Franklin took possession of the Equipment and exported it to Confecciones de Juarez, S.A.de C.V., which is Mt. Franklin's maquila in Mexico.   The Equipment has been used to package candy products in Mt. Franklin's candy manufacturing plant on Ishikawa Avenue in Ciudad Juarez, Mexico.  Based on information and belief, certain of the Equipment has been used to package products for the Wm. Wrigley Jr. Company, a division of Mars, Incorporated.  Some of the Equipment was placed in a warehouse in Ciudad Juarez.

15.     Defendants concealed their actions from GE Capital and conspired to place the Equipment where GE Capital could not locate it and/or retrieve it.   GE Capital did not have knowledge of Defendants' unlawful possession of the Equipment until at least April 2009.

16.     On July 7, 2009, GE Capital filed suit against, *inter alia*, Hyde & Hyde, T. Hyde, and Sunrise in El Paso Federal District Court. (Ex. 1)  Sunrise filed a Rule 12(b)(6) Motion to Dismiss and, later, an objection to GE Capital's Motion for Leave to File First Amended Complaint. (Ex. 2)

17.     As part of Sunrise's objection, it filed an affidavit from David Stewart, who identified himself as a Manager for Sunrise.  In his affidavit, he claims of "knowing Sunrise or its affiliates did not purchase nor take possession of the Equipment." (Ex. 2B)  He further stated that "[u]pon review of Exhibit "A", Sunrise and its affiliates have not purchased nor do they have in their possession any of the Equipment described in Exhibit "A"." *Id.*

18.     On information and belief, that affidavit is at least misleading and probably false. David Stewart is or was the Manager of Sunrise.  Sunrise is owned by a United Kingdom partnership, which is owned by a trust.  Mr. Stewart believes that the trust has common ownership with the ownership of Elamex.  Mr. Stewart also was the Chief Executive Officer and Chief Financial Officer of Mt. Franklin and was Chief Financial Officer of Elamex, S.A. de

4

C.V., which owns Elamex. Elamex is the parent corporation of Mt. Franklin, which is the U.S. counterpart to Confecciones. Both Mt. Franklin and Confecciones have had possession of the equipment, and both would be considered "affiliates" of Sunrise under any reasonable construction of the term. At least, Stewart knew of the location of the Equipment when he signed the affidavit, which is inconsistent with the clear implication of the affidavit.

19. As a result of the affidavit, GE Capital dismissed its claims against Sunrise without prejudice.

20. On December 13, 2010, Hyde & Hyde and T. Hyde paid GE Capital for the Equipment. In exchange for the payment, Hyde & Hyde and T. Hyde were given the rights to the Equipment.

21. To this day, Defendants continue to actually or constructively possess and utilize the Equipment in their business.

## COUNT ONE: CONVERSION

22. Plaintiffs own, have actual or constructive possession, and/or have the right to immediate possession of the Equipment. Defendants have wrongfully exercised dominion or control over the Equipment and as a result Plaintiffs have suffered substantial injury.

## COUNT TWO: FRAUD

23. Defendants have employed fraud, deception or artifice to circumvent, cheat or defraud Plaintiffs of their right to the Equipment.

## DAMAGES

24. Plaintiffs have suffered actual damages, including attorney's fees in dealing with GE Capital, in excess of $200,000.00 as a result of Defendants acts.

25. Plaintiffs are entitled to recover exemplary damages for Defendants' fraudulent and tortious acts.

5

## DEMAND FOR JURY TRIAL

26.     Pursuant to FED. R. CIV. P. 38, Plaintiffs hereby demand a jury trial of this action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that they obtain the following judgment and relief:

1.      actual damages, exemplary damages, pre-judgment interest, post-judgment interest, and costs of court;

2.      Such other and further relief, both in law and equity, to which Plaintiffs may show themselves justifiably entitled.

DATED:  September 30, 2011.

Respectfully submitted,

**THE LAW OFFICE OF DAVID PIERCE**
221 N. Kansas, Suite 1301
El Paso, Texas 79901
Telephone: (915) 351-9772
Facsimile: (915) 351-9976

By: _____
      DAVID PIERCE
      State Bar No. 15992700
      Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded *via facsimile* to Alejandro Acosta, Jr. (533-1841), *Bickerstaff Heath Delgado Acosta LLP*, 725 South Mesa Hills, Building One, Suite Two, El Paso, Texas 79912, and to Denise L. Mayfield, *Katten Muchin Rosenman LLP*, 2900 K Street NW, North Tower, Suite 200, Washington, DC 20007-5118. on this Friday, September 30, 2011.

_____
      DAVID PIERCE

6